JJD:JRS
F. #2023R00145

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

DANIELA ALEJANDRA SANCHEZ
RAMIREZ, ███████████████
██████████████ MARLYN
YULITZA SALAZAR PINEDA, JHOAN
SEBASTIAN SANCHEZ RAMIREZ and
ALEXANDRA PATRICIA SANCHEZ
RAMIREZ,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

INDICTMENT

Cr. No. CR-26 0037

(T. 18, U.S.C., §§ 912, 981(a)(1)(C),
982(a)(1), 982(b)(1), 1343, 1349,
1956(h), 2 and 3551 et seq.; T. 21,
U.S.C., § 853(p); T. 28, U.S.C.,
§ 2461(c))

**BULSARA, J.**

TISCIONE, M.J.

THE GRAND JURY CHARGES:

At all times relevant to this Indictment, unless otherwise indicated:

1.     In or about and between March 2023 and November 2025, within the Eastern District of New York and elsewhere, the defendants DANIELA ALEJANDRA SANCHEZ RAMIREZ, ███████████████████ MARLYN YULITZA SALAZAR PINEDA, JHOAN SEBASTIAN SANCHEZ RAMIREZ and ALEXANDRA PATRICIA SANCHEZ RAMIREZ, together with others, operated a fictitious immigration law firm that advertised its purported legal services on social media using the name "CM Bufete De Abogados Consultoria Migratoria." None of the defendants or their identified coconspirators were attorneys admitted or licensed to practice law in any jurisdiction in the United States.

2.     When a prospective "client" contacted "CM Bufete De Abogados Consultoria Migratoria," the defendants DANIELA ALEJANDRA SANCHEZ RAMIREZ,

███████████████ MARLYN YULITZA SALAZAR PINEDA, JHOAN SEBASTIAN SANCHEZ RAMIREZ and ALEXANDRA PATRICIA SANCHEZ RAMIREZ, together with others, communicated with the prospective "clients" via text and orally through online communications platforms. The defendants and their coconspirators, posing as immigration attorneys, then offered to provide the prospective "clients" with legal advice as well as representation in immigration proceedings in exchange for payment. The prospective "clients" were then instructed to pay "CM Bufete De Abogados Consultoria Migratoria" by using peer-to-peer mobile payment applications to transfer money to bank accounts that belonged to specific individuals, including the defendants and their coconspirators. The fees paid by the prospective "clients" to the defendants and their coconspirators generally ranged from several hundred to several thousand dollars. The defendants and their coconspirators provided no legitimate legal services in return.

3. After the "clients," who were victims of the fraudulent scheme (hereinafter "victim-clients"), submitted the fees for the purported "legal services," the defendants DANIELA ALEJANDRA SANCHEZ RAMIREZ, ███████████████ ███████████████ MARLYN YULITZA SALAZAR PINEDA, JHOAN SEBASTIAN SANCHEZ RAMIREZ and ALEXANDRA PATRICIA SANCHEZ RAMIREZ, together with others, transmitted fraudulent documents to the victim-clients that appeared official on their face, including without limitation, documents that: (a) contained symbols of agencies of the United States government, including the United States Department of Homeland Security and the United States Department of Justice; (b) referenced the victim-clients' actual pending cases in immigration court; and/or (c) reflected that the victim-clients' pending cases were successfully

resolved. In reality, none of these were legitimate documents issued by any United States government agency.

4. The defendants DANIELA ALEJANDRA SANCHEZ RAMIREZ, ███████████ MARLYN YULITZA SALAZAR PINEDA, JHOAN SEBASTIAN SANCHEZ RAMIREZ and ALEXANDRA PATRICIA SANCHEZ RAMIREZ, together with others, also facilitated sham immigration proceedings, including asylum interviews and court appearances, in which the victim-clients participated via videoconference. Although legitimate immigration proceedings are conducted exclusively in English, the defendants and their coconspirators communicated with the victim-clients in Spanish during these videoconferences. In certain of these fictitious proceedings, the defendants and their coconspirators impersonated immigration lawyers, immigration judges, and agents from the United States Customs and Border Protection ("CBP") and the United States Citizenship and Immigration Services ("USCIS"). The defendants and their coconspirators wore judicial robes and law enforcement uniforms and appeared in front of backgrounds that resembled courtrooms and government offices, with agency seals and American flags. In these videoconferences, the defendants and their coconspirators asked the victim-clients sensitive personal questions and requested the victim-clients' personal identifying information. At times, the defendants and their coconspirators falsely represented that the sham proceedings had resolved the victim-clients' pending immigration cases.

5. In total, the scheme perpetrated by the defendants DANIELA ALEJANDRA SANCHEZ RAMIREZ, ███████████ MARLYN YULITZA SALAZAR PINEDA, JHOAN SEBASTIAN SANCHEZ RAMIREZ, ALEXANDRA PATRICIA SANCHEZ RAMIREZ and their coconspirators caused the defrauded victim-clients

to transmit over $100,000 to the defendants and other individuals associated with "CM Bufete De Abogados Consultoria Migratoria."

## COUNT ONE
(Conspiracy to Commit Wire Fraud)

6. The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

7. In or about and between March 2023 and November 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DANIELA ALEJANDRA SANCHEZ RAMIREZ, MARLYN YULITZA SALAZAR PINEDA, JHOAN SEBASTIAN SANCHEZ RAMIREZ and ALEXANDRA PATRICIA SANCHEZ RAMIREZ, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud one or more victim-clients seeking legal representation, and to obtain money and property from them by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce writings signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNT TWO
(Wire Fraud)

8. The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

9. In or about and between July 2024 and February 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant

JHOAN SEBASTIAN SANCHEZ RAMIREZ did knowingly and intentionally devise a scheme and artifice to defraud one or more victim-clients seeking legal representation, and to obtain money and property from them by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, one or more writings, signs, signals, pictures and sounds, to wit: electronic wire transfers of funds from victim-clients into his bank account.

(Title 18, United States Code, Sections 1343 and 3551 et seq.)

## COUNT THREE
(Money Laundering Conspiracy)

10. The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

11. In or about and between March 2023 and November 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DANIELA ALEJANDRA SANCHEZ RAMIREZ, MARLYN YULITZA SALAZAR PINEDA, JHOAN SEBASTIAN SANCHEZ RAMIREZ and ALEXANDRA PATRICIA SANCHEZ RAMIREZ, together with others, did knowingly and intentionally conspire to: (a) conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, to wit: wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the property involved in such financial transactions represented the proceeds of some form of unlawful activity, and knowing that such transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code,

Section 1956(a)(l)(B)(i); and (b) engage and attempt to engage in monetary transactions, in and affecting interstate commerce, in criminally derived property that was of a value greater than $10,000 and that was derived from specified unlawful activity, to wit: wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the property involved in such monetary transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Sections 1957(a) and 1957(b).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## COUNT FOUR
(False Impersonation of an Officer or Employee of the United States)

12. The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

13. In or about and between March 2023 and November 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DANIELA ALEJANDRA SANCHEZ RAMIREZ, ███████ ███████ MARLYN YULITZA SALAZAR PINEDA, JHOAN SEBASTIAN SANCHEZ RAMIREZ and ALEXANDRA PATRICIA SANCHEZ RAMIREZ, together with others, did knowingly and intentionally falsely assume and pretend to be an officer and employee acting under the authority of the United States and a department, agency and officer thereof, to wit: officers with the United States Department of Homeland Security, CBP and USCIS, and acted as such, and in such pretended character demanded and obtained money, paper, documents and things of value, to wit: funds from victim-clients seeking legal representation.

(Title 18, United States Code, Sections 912, 2 and 3551 et seq.)

## COUNT FIVE
(False Impersonation of an Officer or Employee of the United States)

14. The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

15. In or about and between March 2023 and November 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DANIELA ALEJANDRA SANCHEZ RAMIREZ, MARLYN YULITZA SALAZAR PINEDA, JHOAN SEBASTIAN SANCHEZ RAMIREZ and ALEXANDRA PATRICIA SANCHEZ RAMIREZ, together with others, did knowingly and intentionally falsely assume and pretend to be an officer and employee acting under the authority of the United States and a department, agency and officer thereof, to wit: immigration judges with the United States Department of Justice, and acted as such, and in such pretended character demanded and obtained money, paper, documents and things of value, to wit: funds from victim-clients seeking legal representation.

(Title 18, United States Code, Sections 912, 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS ONE AND TWO

16. The United States hereby gives notice to the defendants that, upon their conviction of either of the offenses charged in Count One or Count Two, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

17. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT THREE

18. The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count Three, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offense to forfeit any property, real or personal, involved in such offense, or any property traceable to such property.

19. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

By *David Pitluck, Assistant U.S. Attorney*
JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK